| | |
|---|---|
| **KHOSROABADI & HILL, APC**<br>Sara Khosroabadi, Esq. (299642)<br>Jamie Barnett, Esq. (317662)<br>sara@kandhlawgroup.com<br>3550 Camino Del Rio North., Suite 303<br>San Diego, CA 92108<br>Telephone: (858) 434-1020 | **LOKER LAW, APC**<br>Matthew M. Loker, Esq. (279939)<br>matt.loker@loker.law<br>132 Bridge Street<br>Arroyo Grande, CA 93420<br>Telephone: (805) 994-0177 |

*Attorneys for Plaintiff,*
Kevin Hoffman

# UNITED STATES OF DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEVIN HOFFMAN,**<br><br>Plaintiff,<br><br>v.<br><br>**FAIRFIELD RESIDENTIAL CC HOLDINGS LLC, KIMBALL, TIREY & ST. JOHN, LLP, EQUIFAX INFORMATION SERVICES, LLC, AND TRANS UNION, LLC.**<br><br>Defendants. | Case No.: '25CV1519 H    AHG<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>(1) **FAIR DEBT COLLECTION PRACTICES ACT, 15. U.S.C §§ 1692 ET SEQ.;**<br><br>(2) **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;**<br><br>(3) **FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681 ET SEQ.; AND,**<br><br>(4) **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CALIFORNIA CIVIL CODE §§ 1785 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. Plaintiff KEVIN HOFFMAN ("Plaintiff") through Plaintiff's attorneys, bring this lawsuit to challenge the actions of Defendants FAIRFIELD RESIDENTIAL

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

CC HOLDINGS, LLC ("Fairfield"); KIMBALL TIREY & ST. JOHN ("KTS"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax"); and, TRANS UNION, LLC ("Trans Union") with regard to attempts by Defendants to unlawfully collect a debt not owed by Plaintiff, and for reporting false information on Plaintiff's credit reports. This conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by each Defendant were knowing and intentional, and that each Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k ("FDCPA") and, 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of (i) the FDCPA; (ii) the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. ("RFDCPA"); (iii) the FCRA; and (iv) the California Consumer Credit Reporting Agencies Act, California Civil §§ 1785 et seq. ("CCRAA").

10. Because the Defendants conduct business within the State of California, personal

jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) more than one Defendant conducted business within this judicial district at all times relevant.

## PARTIES

12. Plaintiff is natural person who resides in Los Angeles, County, California.

13. Plaintiff is "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(c); and 15 U.S.C § 1692a(3).

14. Fairfield is a company operating within the State of California, with its principal place of business in San Diego, County, CA.

15. Fairfield is a creditor as that term is defined by California Civil Code § 1788.2(h)(i).

16. KTS is a law firm located in the State of California, with its principal place of business in San Diego, CA.

17. Plaintiff is informed and believes, and thereon alleges, that KTS, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

18. KTS is also a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

19. Equifax is a foreign corporation existing under the laws of the State of Georgia with its principal place of business in Los Angeles, California.

20. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code

KHOSROABADI & HILL, APC
3550 CAMINO DEL RIO NORTH, SUITE 303
SAN DIEGO, CA 92108

§ 1785.3(d).

21. Trans Union is a foreign corporation located in the State of Delaware.

22. Trans Union is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

23. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

24. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) as well as a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

26. At all times relevant, Plaintiff was an individual residing within the state of California.

27. In 2019, Plaintiff resided at the Fairfield Residential properties, formerly known as Andorra Apartments.

28. In October 2020, Plaintiff moved out of the Fairfield Residential apartment unit ("Apartment"). Upon move out, Plaintiff provided Fairfield Residential his

updated contact information.

29. Within 21 days of moving out of the Apartment, Fairfield Residential failed to send Plaintiff an itemization of any damages to the Apartment or allocation of Plaintiff's security deposit, for use for any damages alleged.

30. After moving out, Plaintiff called Erik Soto, the assistant property manager at Fairfield's Andorra apartment community to inquire about the status of his security deposit. Neither Mr. Soto, nor any other representative of Fairfield, responded to Plaintiff on his request at that time.

31. Then on or about January 3, 2024, more than three years after Plaintiff moved out of the Fairfield Residential apartments, KTS sent a letter to Plaintiff on behalf of Fairfield, alleging that Plaintiff owed $157.22 to Fairfield for an outstanding balance for damages for the Apartment.

32. On or about January 28, 2024, Plaintiff sent a letter in disputing the alleged debt and notified KTS that Fairfield did not send him an itemized statement of any move out charges within 21 days after Plaintiff moved out and Fairfield did not return his security deposit, thus Plaintiff did not owe Defendant any money.

33. Thereafter, KTS provided Plaintiff with the ledger from Fairfield dated October 17, 2020, with Fairfield's itemization of purported damages to the Apartment, which included apartment cleaning and carpet cleaning, as well as deductions to Plaintiff's security deposit to cover utilities.

34. Despite Plaintiff providing Fairfield with his updated contact information upon move out and following up with the assistant property manager after the 21 days to follow up on his security deposit, Fairfield purportedly sent and addressed the itemization to the main Andorra apartment complex mailing address. This was not even Plaintiff's Apartment address at Andorra, nor did Plaintiff reside there anymore. Thus, Plaintiff did not receive the itemization until he requested it from KTS in 2024.

CASE NO.: 5 OF 13 *Hoffman v. Fairfield Residential, et. al.*
COMPLAINT

35. KTS sent letters to Plaintiff dated February 6, 2024 and February 21, 2024, indicating that they investigated the matter and determined that the amount they were attempting to collect from Plaintiff, was owed to Fairfield.

36. On or about February 24, 2024, Plaintiff once again sent a dispute letter and cease and desist to KTS, informing KTS that he did not owe the debt and to stop contacting Plaintiff regarding the alleged debt.

37. Despite Plaintiff's cease and desist letter, KTS contacted Plaintiff by phone on or about June 14, 2024, attempting to collect on the alleged debt. Through this conduct, KTS violated 15 U.S.C. § 1692(c) by failing to cease all communication in connection with the collection of Plaintiff's alleged debt after being notified by Plaintiff to cease all contact in connection with the debt; 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount, or legal status of Plaintiff's debt; and 15 U.S.C. § 1692f(1), for collecting an amount not owed. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788; thus, Defendant violated Cal. Civ. Code § 1788.

38. This conduct also constitutes a violation of the RFDCPA by Fairfield, since KTS is an authorized agent of Fairfield and was enlisted by Fairfield to collect the debt on Fairfield's behalf.

39. On or about March 2024, the Plaintiff was shocked to learn that his credit score dropped over 100 points. After review of his credit reports with the three credit bureaus, the reports confirmed that apartment account with Fairfield was adversely affecting his credit scores.

40. In or about April 2024, Plaintiff sent written disputes to Experian, Equifax, and Trans Union. Experian has since removed the negative account, but Trans Union and Equifax continue to report the negative account with Fairfield.

41. Plaintiff submitted additional disputes to both Trans Union and Equifax through the Consumer Financial Protection Bureau ("CFPB") on or about September 20,

2024 which contained a narrative explaining why the continued credit reporting was inaccurate.

42. Equifax and Trans Union were then required to conduct their own reasonable reinvestigation into these accounts on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

43. KTS, was also required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s2(b)(1)(A).

44. KTS failed to review all relevant information provided by Plaintiff as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

45. Due to Defendants KTS' failure to reasonably investigate, KTS further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

46. By inaccurately reporting account information after notice and confirmation of its errors, KTS failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and (E).

47. Plaintiff received notification from Trans Union dated October 3, 2024 that KTS verified the debt as a valid obligation owed by Plaintiff.

48. KTS, submits inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

49. The investigations by Defendants KTS, Equifax, and Trans Union, were unreasonable.

50. By inaccurately reporting account information after notice and confirmation of its errors, KTS failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

51. Through this conduct, Defendants KTS violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that KTS knew or should

know was inaccurate.

52. Throughout this ordeal, Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this alleged debt mischaracterizes Plaintiff as a person that financially overextends himself and harms his credit score.

53. Plaintiff has been unable to obtain the credit benefit he should have earned.

54. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF
## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692 ET SEQ. (FDCPA)
## [AGAINST KTS]

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

57. Specifically, KTS violated 15 U.S.C. § 1692(c) by failing to cease all communication in connection with the collection of Plaintiff's alleged debt after

being notified by Plaintiff to cease all contact in connection with the debt; 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount, or legal status of Plaintiff's debt; and 15 U.S.C. § 1692f(1), for collecting an amount not owed.

58. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from KTS.

## COUNT II
## VIOLATION OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)
## [AGAINST DEFENDANTS FAIRFIELD AND KTS]

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions constitute numerous a violation of the RFDCPA.

61. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants Fairfield and KTS.

///
///
///
///
///

# COUNT III

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X (FCRA)

### [AGAINST DEFENDANTS KTS, TRANS UNION, AND EQUIFAX]

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

64. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants KTS, Trans Union, and Equifax.

65. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

# COUNT IV

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, ET SEQ.

### [AGAINST DEFENDANTS KTS]

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

68. In the regular course of its business operations, KTS routinely furnishes information to credit reporting agencies pertaining to transactions between Fairfield and Fairfield's tenants, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

69. Because KTS is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), they were always obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

70. Since KTS received all documents required to determine the inaccuracy of their reporting, they should have known to update said reporting.

71. KTS also should have determined that their reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against KTS;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against KTS;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against KTS;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Fairfield and KTS;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code

§ 1788.30(b), against Fairfield and KTS;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Fairfield and KTS;

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against KTS, Equifax, and Trans Union for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against KTS, Equifax, and Trans Union for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against KTS, Equifax, and Trans Union for each incident of negligent noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against KTS, Equifax, and Trans Union for each incident of negligent noncompliance of the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against KTS, Equifax, and Trans Union for each incident of noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against KTS;

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against KTS;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- Punitive damages according to proof as to the FCRA; and CCCRAA; and,
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 11, 2025                                Respectfully submitted,

**KHOSROABADI & HILL, APC**

By: ___/s/ Sara Khosroabadi___
SARA KHOSROABADI, ESQ.
ATTORNEY FOR PLAINTIFF