UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HOFFMAN,<br><br>                              Plaintiff,<br><br>v.<br><br>FAIRFIELD RESIDENTIAL CC HOLDINGS, LLC; KIMBALL, TIREY & ST. JOHN, LLP; et al.,<br><br>                              Defendants. | Case No.: 3:25-cv-01519-H-AHG<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 29]** |

Before the Court is the parties' Joint Motion to Continue the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") currently set for October 2, 2025. ECF No. 29.

Parties seeking to continue an ENE must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); ECF No. 11 at 6–7 (same); *see* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No.

2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties represent to the Court that Defendant Kimball, Tirey & St. John, LLP ("KTS") will be substituting a new attorney into the case. ECF No. 29 at 2. KTS represents that "[t]he substitution process requires additional time to ensure the new attorney is fully prepared to participate meaningfully in the ENE conference. Despite diligent efforts, the current schedule cannot be met due to this transition." *Id*. As such, the parties request a continuance of the ENE and CMC.

The Court appreciates that the parties have been working together, and finds that they have displayed diligence by meeting the original deadlines set forth by the Court, such as the deadline for filing the Joint Case Management Statement. *See* ECF No. 28. As such, the Court finds good cause to **GRANT**[1] the joint motion as follows:

1. The ENE and CMC scheduled for October 2, 2025, are **RESET** for **October 29, 2025** at **2:15 p.m.** before the Honorable Allison H. Goddard *via videoconference*.

---

[1] Though the parties request that the Court reschedule the ENE after November 3, 2025, the parties do not explain the reasoning for that particular date. The Court does not have availability during the timeframe requested, and seeks to avoid delay. *See* CivLR 16.1(c) (requiring that an ENE take place within forty-five days of the filing of the first answer).

2. **Confidential ENE Statements Required:** No later than **October 22, 2025**, the parties shall submit confidential statements of five (5) pages or less directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **These statements shall not be filed or served on opposing counsel.** They shall be lodged via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less. There is not a page limit on exhibits.** Each party's ENE statement must outline:

   A. the nature of the case and the claims,
   
   B. position on liability or defense,
   
   C. position regarding settlement of the case with a **specific**[2] **demand/offer for settlement**,[3] and
   
   D. any previous settlement negotiations or mediation efforts.

The Court may use GenAI tools to review the information that the parties submit. Either party may object to the Court's use of such tools by advising the Court's law clerk of that objection when they submit the information. The Court will respect that objection without any further explanation, and the Court's law clerk will only communicate to Judge Goddard that there was an objection, not which party made the objection.

3. No later than **October 22, 2025**, counsel for each party shall send an e-mail to the Court at efile_goddard@casd.uscourts.gov containing the following:

   i. The **name and title of each participant**, including all named parties and party representatives with full settlement authority,

---

[2] A general statement, such as that a party "will negotiate in good faith," is a <u>not</u> a specific demand or offer.

[3] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer.

       claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

  ii. An **e-mail address for each participant** to receive the Zoom videoconference invitation;

  iii. A **telephone number where each participant** may be reached; and

  iv. A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

 4. All participants shall display the same level of professionalism during the ENE and CMC and be prepared to devote their full attention to the conferences as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

 5. Counsel are advised that although the ENE and CMC will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

 6. All other requirements and procedures set forth in the Court's original Order setting the ENE and CMC—such as the required participants, definition of full settlement authority, videoconference procedures, among others—**remain in place**. *See* ECF No. 11; *see also* ECF No. 21 (excusing Equifax from ENE); ECF No. 27 (excusing Trans Union from ENE).

 **IT IS SO ORDERED**.

Dated: September 25, 2025

                  Honorable Allison H. Goddard
                  United States Magistrate Judge