1  **LOKER LAW, APC**
2  Matthew M. Loker, Esq. (279939)
   matt@loker.law
3  Scott M. Plescia (Esq 349319)
   scott@loker.law
4  132 Bridge Street
5  Arroyo Grande, CA 93420
   Telephone: (805) 994-0177
6
7  *Attorneys for Plaintiff,*
8  Kevin Hoffman
9
           **UNITED STATES DISTRICT COURT**
10         **SOUTHERN DISTRICT OF CALIFORNIA**
11
   **KEVIN HOFFMAN,**              **Case No.:** 3:25-CV-01519-AJB-AHG
12
            Plaintiff,             **PLAINTIFF KEVIN HOFFMAN'S**
13                                 **MEMORANDUM OF POINTS AND**
                                   **AUTHORITIES IN SUPPORT OF**
14      v.                         **HOFFMAN'S MOTION FOR**
                                   **ATTORNEYS' FEES AND COSTS**
15
   **FAIRFIELD RESIDENTIAL**
16 **CC HOLDINGS LLC,**            **DATE:**          April 30, 2026
   **KIMBALL, TIREY & ST.**        **TIME:**          10:00 a.m.
17 **JOHN, LLP, EQUIFAX**          **COURTROOM:**  4A
18 **INFORMATION SERVICES,**
   **LLC, AND TRANS UNION,**       **HON. ANTHONY J. BATTAGLIA**
19 **LLC.**
20
            Defendants.
21
22
23
24
25
26
27
28
   CASE NO.: 3:25-CV-01519-AJB-AHG        *Hoffman v Fairfield Residential CC Holdings, LLC, et al.*
   **PLAINTIFF KEVIN HOFFMAN's MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
   **OF HOFFMAN'S MOTION FOR ATTORNEYS' FEES AND COSTS**

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

# <u>TABLE OF CONTENTS</u>

<span style="float:right">**PAGE**</span>

I.  INTRODUCTION ........................................................................................ 1

II.  FACTUAL AND PROCEDURAL HISTORY ........................................ 1

III.  LEGAL STANDARD .............................................................................. 4

IV.  ARGUMENT ............................................................................................ 4

    A. FEES IN THE FULL LODESTAR AMOUNT SHOULD BE AWARDED ........... 5

      1. The number of hours expended on this litigation was reasonable .... 6

      2. The hourly rates sought by Hoffman's counsel are reasonable ........ 6

    B. REVIEW OF THE *KERR* FACTORS SUPPORT THE REASONABLENESS OF HOFFMAN'S DEMAND ............................................................................. 8

      1. Time and labor required ................................................................ 9

      2. Novelty and difficulty of the questions involved ........................... 9

      3. Skill requisite to perform the legal service properly ..................... 10

      4. Preclusion of other employment by the attorney due to acceptance of the case ................................................................................... 10

      5. Customary fee ............................................................................. 11

      6. No guaranteed payment .............................................................. 11

      7. Time limitations imposed by the client or the circumstances ........ 12

      8. The amount involved and the results obtained .............................. 12

      9. The experience, reputation, and ability of the attorneys ................ 13

      10. The "undesirability" of the case ................................................. 14

---

**CASE NO.: 3:25-CV-01519-AJB-AHG**          *Hoffman v Fairfield Residential CC Holdings, LLC, et al.*

TABLE OF CONTENTS & AUTHORITIES

11. The nature and length of the professional relationship with the client ................................................................................. 15

12. Awards in similar cases ............................................................ 16

C. HOFFMAN'S COUNSEL ARE ENTITLED TO AN AWARD OF COSTS AND LITIGATION EXPENSES ........................................................ 17

V.    CONCLUSION ............................................................................. 18

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

# TABLE OF AUTHORITIES

CASES                                                                                    PAGE(S)

*Abad v. Williams, Cohen & Gray, Inc.,*
    2007 U.S. Dist. LEXIS 48315 (N.D. Cal. 2007)...........................................4

*Afewerki v. Anaya Law Grp.,*
    2017 U.S. Dist. LEXIS 191881, at *15 (C.D. Cal. Nov. 20, 2017) .............17

*Ambriz v. Arrow Fin. Servs., LLC,*
    2008 U.S. Dist. LEXIS 44027 (C.D. Cal. 2008)........................................8

*Ballen v. City of Redmond,*
    466 F.3d 736 (9th Cir. 2006).......................................................4

*Blum v. Stenson,*
    465 U.S. 886 (1984)..............................................................3

*Bowers v. Transamerica Title Insurance Company,*
    675 F.2d 193 (Wash. 1983 .......................................................11

*Camacho v. Bridgeport Fin., Inc.,*
    523 F.3d 973 (9th Cir. 2008).................................................passim

*Clark v. City of Los Angeles,*
    803 F.3d 987 (9th Cir. 1986).......................................................4

*Cohen & Gray, Inc.,*
    2007 U.S. Dist. LEXIS 48315, at *9 (N.D. Cal. Apr. 23, 2007) ...................4

*Contractors Labor Pool, Inc. v. Westway Contractors, Inc.,*
    53 Cal. App. 4th 152 (1997) ........................................................4

*Copeland v. Marshall,*
    641 F.2d 880 (D.C. Cir. 1980) ....................................................7

*DeBusk v. Wachovia Bank,*
    291 F. App'x 55, 56 (9th Cir. 2008) ..........................................11

*Erdman v. Cochise County*,
  926 F.2d 877 (9th Cir. 1991)..................................................................4

*Evon v. Law Offices of Sidney Mickell*,
  688 F.3d 1015 (9th Cir. 2012)..............................................................14

*Ferland v. Conrad Credit Corp.*,
  244 F.3d 1145 (9th Cir. 2001)................................................................4

*Ford Motor Co. v. Mayes*,
  575 S.W.2d 480 (1978)..........................................................................12

*Gates v. Deukmejian*,
  987 F.2d 1392 (9th Cir. 1992)............................................................5-6

*Giovannoni v. Bidna $ Keys*,
  255 Fed. App'x 124, 125 (9th Cir. 2007)..............................................17

*Gisbrect v. Barnhart*,
  535 U.S. 789 (2002)................................................................................4

*Gonzales v. Arrow Fin. Servs., LLC*,
  660 F.3d 1055 (9th Cir. 2011)..............................................................14

*Goodwin v. Comerica Bank, N.A.*,
  72 Cal. App. 5th 858 (2021) ................................................................15

*Grove v. Wells Fargo Financial Cal., Inc.*,
  606 F.3d 577 (9th Cir. 2010)..........................................................5, 17

*Guerrero v. Cummings*,
  70 F.3d 1111 (9th Cir. 1995)..................................................................4

*Guerrero v. RJM Acquisitions LLC*,
  499 F.3d 926, 933 (9th Cir. 2007)........................................................11

*Guimond v. Trans Union Credit Info. Co.*,
  45 F.3d 1329 (9th Cir. 1995)..................................................................3

**TABLE OF CONTENTS & AUTHORITIES**

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

*Harper v. Law Office of Harris & Zide LLP*,
    2017 U.S. Dist. LEXIS 37367 (N.D. Cal. 2017)............................................11

*Harris v. Marhoefer*,
    24 F.3d 16 (9th Cir. 1994).................................................................................4

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983).................................................................................passim

*Hernandez v. Erin Capital Mgmt., LLC*,
    2011 U.S. Dist. LEXIS 114113 (C.D. Cal. 2011)..........................................13

*Herring Networks, Inc. v. Maddow*,
    2021 U.S. Dist. LEXIS 23163 (S.D. Cal. 2021) ..............................................8

*Ingram v. Oroudjian*,
    647 F.3d 925, 928 (9th Cir. 2011)) .................................................................7

*Intel Corp. v. Terabyte Int'l, Inc.*,
    6 F.3d 614 (9th Cir. 1993).................................................................................5

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*,
    559 U.S. at 525.................................................................................................14

*Kelly v. TD Bank USA, N.A.*,
    2022 WL 4791981, at 87 (D. Or. Sept. 6, 2022)...........................................11

*Kerr v. Screen Guild Extras, Inc.*,
    526 F.2d 67 (9th Cir. 1975).......................................................................passim

*Kirkpatrick v. Equifax Info. Servs., LLC*,
    2005 WL 1231485, at *2 (D. Or. May 23, 2005) .........................................09

*Kim v. BMW Servs. NA, LLC*,
    2015 U.S. Dist. LEXIS 186918 (C.D. Cal. Nov. 12, 2015).........................15

*Kingry v. Portfolio Recovery Assocs., LLC*,
    2013 U.S. Dist. LEXIS 113474 (C.D. Cal. 2013)...........................................4

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

*Lathem v. Department of Children & Youth Servs.*,
    172 F.3d 786, 794 (11th Cir. 1999).................................................................16

*Libertad v. Sanchez*,
    134 F. Supp. 2d 218, 236 (D.P.R. 2001).......................................................16

*Majcher v. Laurel Motors Co.*,
    287 Ill. App. 3d 719 (1997).............................................................................12

*McGowan v. King, Inc.*,
    661 F.2d 48 (5th Cir. 1981)................................................................................9

*McGrath v. County of Nevada*,
    67 F.3d 248 (9th Cir. 1995)................................................................................4

*Morales v. City of San Rafael*,
    96 F.3d 359 (9th Cir. 1996)................................................................................8

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008)...........................................................................6

*Mota v. University of Texas Houston Health Science Center*,
    261 F.3d 512, 529 (5th Cir. 2001)...................................................................17

*Nguyen v. HOVG, LLC*,
    2015 U.S. Dist. LEXIS 124019 (S.D. Cal. 2015) ............................................4

*NuVasive, Inc. v. Alphatec Holdings, Inc.*,
    2020 WL 6876300 (S.D. Cal. Mar. 20, 2020) .................................................9

*Nusom v. Comh Woodburn, Inc.*,
    122 F.3d 830 (9th Cir. 1997).............................................................................4

*Orthopaedic Hosp. v. Encore Med., L.P.*,
    2021 U.S. Dis. LEXIS 225014, at *38 (S.D. Cal. Nov. 19, 2021).................7

*Pearson v. U.S. Bank Natl' Ass'n*,
    2017 U.S. Dist. LEXIS 129159 (C.D. Cal. 2017)............................................5

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

*Perkins v. New Orleans Athletic Club*,
    429 F. Supp. 661 (E.D. La. 1976) ........................................................ 7

*Ramones v. AR Res., Inc.*,
    2022 U.S. Dist. LEXIS 82810 (S.D. Fla. May 6, 2022) .............................. 15

*Soler v. Trans Union, LLC*,
    2022 U.S. Dist. LEXIS 240265, at *16 (C.D. Cal. Oct. 18, 2022) ......... 09, 15

*Sousa v. Miguel*,
    32 F.3d 1370, 1374 (9th Cir. 1994) ..................................................... 16

*Sponer v. Wells Fargo Bank, N.A.*,
    2020 U.S. Dist. LEXIS 75307 (D. Or. Apr. 28, 2020) ......................... 09, 15

*Stirling v. Genpact Servs., LLC*,
    2012 U.S. Dist. LEXIS 196197 (C.D. Cal. 2012) ................................... 8

*Tervardanyan v. Creditors Fin. Grp., LLC*,
    2012 U.S. Dist. LEXIS 195753 (C.D. Cal. 2012) ................................... 8

*Tolentino v. Friedman*,
    46 F.3d 645 (7th Cir. 1995) ............................................................... 13

*United Steelworkers of America v. Phelps Dodge Corp.*,
    896 F.2d 403 (9th Cir. 1999) ............................................................. 7

*Yepremyan v. GC Servs. LP*,
    2013 U.S. Dist. LEXIS 13516 (C.D. Cal. 2013) .................................. 4

*Welch v. Metropolitan Life Ins. Co.*,
    408 F.3d 942 (9th Cir. 2007) ............................................................. 8

*Wolf v. Frank*,
    555 F.2d 1213 (5th Cir. 1977) ........................................................... 7

*Zosma Ventures, Inc. v. Moideh Amini Nazari*,
    2013 U.S. Dist. LEXIS 198280 (C.D. Cal. 2013) ............................... 09

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**STATUTES**                                                     **PAGE(S)**

15 U.S.C. § 1681 ...................................................................................passim

15 U.S.C. § 1692 ...........................................................................................12

Cal. Civ. Code § 1785 et seq. ...............................................................passim

LOKER LAW. APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## I.    INTRODUCTION

Plaintiff Kevin Hoffman ("Hoffman") is the prevailing party in this action following his acceptance of Defendants' Rule 68 Offer of Judgment. Pursuant to the Offer, judgment was entered in Hoffman's favor in the amount of $15,000.00, plus "reasonable attorneys' fees incurred and costs accrued in this action to be determined by the Court." (ECF No. 48.) Hoffman brought this action to remedy Defendants' unlawful debt collection practices and continued furnishing of inaccurate credit information in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.; the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.; the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq.; and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785 et seq. Because Defendants expressly preserved Hoffman's right to recover reasonable fees and costs in the Rule 68 judgment, and because these statutes mandate fee-shifting to prevailing consumers, Hoffman now respectfully moves for an award of reasonable attorneys' fees and costs incurred in prosecuting this action.

## II.    FACTUAL AND PROCEDURAL HISTORY

This litigation arose from Defendants' unlawful attempts to collect a debt not owed by Hoffman and their continued reporting of inaccurate credit information despite clear notice of the errors. Hoffman resided at Fairfield Residential's apartment community beginning in 2019 and vacated the unit in October 2020 after providing Fairfield with updated contact information. (Compl. ¶¶ 27–28.) Upon move-out, Fairfield was required to provide Hoffman with an itemization of any alleged damages and a lawful accounting of his security deposit within twenty-one days. Fairfield failed to do so. (Compl. ¶ 29.)

After receiving no communication regarding his security deposit, Hoffman contacted Fairfield's assistant property manager to inquire about the status of the deposit and any alleged charges. Fairfield failed to respond. (Compl. ¶ 30.) For more

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

than three years thereafter, Defendants took no action to lawfully account for the deposit or notify Hoffman of any legitimate charges.

On January 3, 2024, Kimball, Tirey & St. John ("KTS"), acting on behalf of Fairfield, sent Hoffman a collection letter alleging he owed $157.22 for purported apartment damages. (Compl. ¶ 31.) Hoffman promptly disputed the alleged debt in writing, explaining that Fairfield had never provided a lawful itemization of charges or returned his security deposit and that no debt was owed. (Compl. ¶ 32.)

Rather than cease collection efforts, KTS provided Hoffman with a belated internal ledger dated October 17, 2020, purporting to list cleaning charges, carpet cleaning fees, and utility deductions. (Compl. ¶ 33.) The ledger had been improperly addressed to Fairfield's apartment complex rather than Hoffman's forwarding address, ensuring Hoffman never received it at the time of move-out. (Compl. ¶ 34.)

KTS nonetheless continued to assert the alleged debt was valid through additional letters dated February 6 and February 21, 2024, claiming an investigation had occurred and the balance remained owed. (Compl. ¶ 35.) Hoffman again disputed the debt and issued a cease-and-desist demand on February 24, 2024, instructing Defendants to stop all collection communications. (Compl. ¶ 36.)

Despite this clear cease-and-desist notice, KTS contacted Hoffman by telephone on or about June 14, 2024 in an attempt to collect the alleged debt, in direct violation of federal and state debt collection laws. (Compl. ¶ 37.

Shortly thereafter, Hoffman discovered his credit score had dropped by more than 100 points. (Compl. ¶ 39.) Upon reviewing his credit reports, Hoffman learned Defendants had furnished negative credit information regarding the disputed Fairfield account to Experian, Equifax, and Trans Union. (Compl. ¶ 39.)

In April 2024, Hoffman submitted written disputes to all three credit reporting agencies explaining that the debt was invalid and the reporting inaccurate. (Compl. ¶ 40.) Experian deleted the account; however, Equifax and Trans Union continued

CASE NO.: 3:25-CV-01519-AJB-AHG    2 OF 19    *Hoffman v Fairfield Residential CC Holdings, LLC, et al*

PLAINTIFF KEVIN HOFFMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HOFFMAN'S MOTION FOR ATTORNEYS' FEES AND COSTS

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

to report the derogatory information. (Id.)

Hoffman then submitted additional detailed disputes through the Consumer Financial Protection Bureau in September 2024, again explaining that Fairfield had failed to lawfully account for the deposit and that the debt was not owed. (Compl. ¶ 41.) Despite receiving this information, Equifax, Trans Union, and KTS failed to conduct reasonable reinvestigations and continued verifying the inaccurate debt as valid. (Compl. ¶¶ 42–50.)

As a direct result of Defendants' unlawful collection conduct and continued inaccurate credit reporting, Hoffman suffered substantial emotional distress, anxiety, loss of sleep, embarrassment, and credit harm, and was deprived of the credit benefits to which he was entitled. (Compl. ¶¶ 52–54.)

## III.  <u>LEGAL STANDARD</u>

To determine whether an offer of judgment meets Fed. R. Civ. P. 68's requirements, a court will apply the usual rules of contract construction. Ambiguities will be construed against the offeror as the drafting party and, where such ambiguities are found to exist, extrinsic evidence of the parties' actual intentions will be examined to clarify those ambiguities and arrive at the meaning of the offer's material terms *Dowd v. City of L. A.*, 28 F. Supp. 3d 1019, 1029, 2014 U.S. Dist. LEXIS 91096, *1, 2014 WL 2937478. After a plaintiff accepts a Fed. R. Civ. P. 68 offer of judgment, a plaintiff may recover attorney's fees according to the "specified terms" in the offer of judgment. *Denton v. Pennymac Loan Servs.*, LLC, 252 F. Supp. 3d 504, 508, 2017 U.S. Dist. LEXIS 74037, *1, 2017 WL 2113138

## IV.  <u>ARGUMENT</u>

"Once a party has established that he is entitled to attorneys' fees, '[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Increases or decreases are warranted in rare or exceptional cases. See *Blum v. Stenson*, 465 U.S. 886, 898-901 (1984); *Harris*

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

*v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994); *Clark v. City of Los Angeles*, 803 F.2d 987, 990-91 (9th Cir. 1986). It is undisputed that Hoffman is to be paid reasonable attorneys' fees and costs for this action since Hoffman's judgment renders him the prevailing party. [ECF No. 51].

In determining what constitutes a reasonable attorney fee when a statute provides for such an award, the analysis is twofold. First, the starting point for determining reasonable fees is the lodestar formula, which is the number of hours reasonably expended multiplied by a reasonable hourly rate. *See Kingry v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 113474, at *4 (C.D. Cal. 2013) citing to *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *Gates v. Deukmejian*, 987 F.2d 1392, 1937 (9th Cir. 1992); and, *Abad v. Williams, Cohen & Gray, Inc.*, 2007 U.S. Dist. LEXIS 48315, at *9 (N.D. Cal. Apr. 23, 2007). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant adjust the lodestar to account for other factors, such as the *Kerr* Factors, which are not subsumed within it.[1] *Kingry*, 2013 U.S. Dist. LEXIS 113474, at *4 citing to *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1148-49 n. 4 (9th Cir. 2001); and, *Gisbrect v. Barnhart*, 535 U.S. 789, 798 (2002).

Here, the sole issue in need of resolution is what amount is reasonable. Application of the (A) the full lodestar method in conjunction with (B) the *Kerr* Factors readily establishes the reasonableness of Hoffman's demand.

---

[1] *See also Contractors Labor Pool, Inc. v. Westway Contractors, Inc.,* 53 Cal.App.4th 152, 168 (1997); *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006); and, *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). See also *Yepremyan v. GC Servs. LP*, 2013 U.S. Dist. LEXIS 13516, at *2-3 (C.D. Cal. Jan. 18, 2013).

CASE NO.: 3:25-CV-01519-AJB-AHG    4 OF 19  *Hoffman v Fairfield Residential CC Holdings, LLC, et al*

**PLAINTIFF KEVIN HOFFMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HOFFMAN'S MOTION FOR ATTORNEYS' FEES AND COSTS**

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## A. FEES IN THE FULL LODESTAR AMOUNT SHOULD BE AWARDED.

As stated above, the "lodestar" method is utilized in California District Courts to determine reasonable attorneys' fees. *Pearson v. U.S. Bank Nat'l Ass'n*, 2017 U.S. Dist. LEXIS 129159, at *20 (C.D. Cal. Aug. 14, 2017) citing to *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The "lodestar" method is comprised of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Yepremyan v. GC Servs. LP*, 2013 U.S. Dist. LEXIS 13516, at *2 (C.D. Cal. Jan. 18, 2013) citing to *Grove v. Wells Fargo Financial Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010); and, *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). Moreover, "there is a strong presumption that the lodestar represents a reasonable fee." *Gates*, 987 F.2d at 1397.

### 1. <u>The number of hours expended on this litigation was reasonable.</u>

"The fee applicant must submit evidence of hours worked." *Hensley*, 461 U.S. at 433. Once done, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its affidavits." *Pearson*, at *21 citing to *Gates*, 987 F.2d at 1397-1398. "All hours that are not reasonably expended, or that are excessive or redundant, should be excluded." *Id*.

Here, Hoffman seeks an award of attorneys' fees for Matthew M. Loker; Sara Khosroabadi; Jamie Barnett; Scott M. Plescia as well as staff for the respective firms based upon the lodestar formula. Each of Hoffman's attorneys assigned to this matter have considerable experience litigating a variety of consumer rights issue, including actions under the FCRA. [See the respective declarations filed concurrently herewith]. This experience drastically reduced the hours necessary to obtain the current judgment while avoiding duplication of efforts and unnecessary billing. Despite Hoffman's repeated pre-suit disputes and efforts to resolve this

matter without litigation, Defendants' refusal to correct the unlawful collection activity and inaccurate credit reporting necessitated formal litigation. Although the case ultimately resolved following the initial Early Neutral Evaluation, Hoffman's counsel was nonetheless required to investigate the claims, draft the complaint, effect service, prepare Rule 26 disclosures, participate in meet-and-confer efforts, prepare the Joint Case Management Statement, and fully prepare for and attend the ENE. As a result of these necessary efforts, Hoffman's counsel expended 62.7 hours litigating this matter through resolution. A summary of these hours is provided below, and a detailed Time Sheet is attached as Exhibit 1.

| NAME: | RATE: | HOURS: | TOTAL: |
|---|---|---|---|
| MATTHEW M. LOKER | $750 | 14.7 | $11,025.00 |
| SARA KHOSROABADI | $600 | 8.7 | $5,222.00 |
| JAMIE BARNETT | $400 | 24.9 | $9,960.00 |
| SCOTT PLESCIA | $300 | 11.2 | $3,360 |
| JULIANNA MEKHAEL | $200 | 1.0 | $200 |
| ALYSSA GABRIELSON | $200 | 2.2 | $440 |
| TOTAL: | | 62.7 | $30,205.00 |

Notably, Loker Law excluded any duplicative billing for activities like e-mail communication with defense counsel since said activities are accounted for by the Law Office of Khosroabadi and Hill.

Given the result, the amount of time expended by Hoffman's counsel is reasonable for this type of litigation.

### 2. The hourly rate sought by Hoffman's counsel is reasonable.

"A reasonable hourly rate is that prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Pearson*, 2017 U.S. Dist. LEXIS 129159, at \*22 citing to *Moreno v. City of*

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

1  *Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "Generally, when determining

2  a reasonable hourly rate, the relevant community is the forum in which the district

3  court sits." *Camacho*, 523 F.3d at 979. "Affidavits of the plaintiff's attorney and

4  other attorneys regarding prevailing fees in the community, and rate determinations

5  in other cases, particularly prevailing fees in the community, are satisfactory

6  evidence of the prevailing market rate." *Stirling v. Genpact Servs., LLC*, 2012 U.S.

7  Dist. LEXIS 196197, at \*4 (C.D. Cal. May 2, 2012) citing to *United Steelworkers

8  of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1999). *See also

9  Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) ("In determining a

10  reasonable hourly rate, courts 'should be guided by the rate prevailing in the

11  community for similar work performed by attorneys of comparable skill,

12  experience, and reputation.'").

13  Here, counsel's requested rates ranging from $750 per hour down to $250 per

14  hour are reasonable in the Southern District of California for the respective

15  attorneys and staff that litigated this matter. More specifically, Loker recently

16  received an Order in the matter of *Rodriguez v. Adir Int'l, LLC*, No. 5:23-cv-02423-

17  AH-(JCx), 2025 U.S. Dist. LEXIS 121954, at \*3-4 (C.D. Cal. June 26, 2025) which

18  awarded the requested rate of $750 for Loker. The Honorable Anne Hwang's Order

19  also offers further credence for the rates sought by the remaining litigation team

20  given the similarities between their experience and the experience of the attorneys

21  and staff who joined Loker in Rodriguez's trial. Thus, Hoffman contends he has

22  satisfied his burden to establish Hoffman's counsel's hourly rates. *Orthopaedic

23  Hosp. v. Encore Med., L.P.*, No. 3:19-cv-00970-JLS-AHG, 2021 U.S. Dist. LEXIS

24  225014, at \*38 (S.D. Cal. Nov. 19, 2021) (The Honorable Allison H. Goddard found

25  similar rates ranging from $1,260 (lead trial counsel) to $1,065 (fifth year associate)

to be reasonable).[2]

## B. REVIEW OF THE *KERR* FACTORS SUPPORTS THE REASONABLENESS OF HOFFMAN'S DEMAND.

While "there is a strong presumption that the lodestar represents a reasonable fee," California District Courts also review the *Kerr* Factors. *Tervardanyan v. Creditors Fin. Grp., LLC*, 2012 U.S. Dist. LEXIS 195753, at *2-3 (C.D. Cal. Nov. 28, 2012). Said factors examine: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases. *Morales v. City of San Rafael*, 96 F.3d 359, 363-364 n. 8 (9th Cir. 1996) citing to *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Of course, "some of [the *Kerr* Factors] are subsumed into the initial lodestar calculation" and will only be discussed briefly in the interest of judicial economy. *Ambriz v. Arrow Fin. Servs., LLC*, 2008 U.S. Dist. LEXIS 44027, at *4 (C.D. Cal. May 15, 2008) citing to *Welch v. Metropolitan Life Ins. Co.*, 408 F.3d 942, 2007 WL 656390, at *2 (9th Cir. 2007).

---

[2] Judge Goddard also cited to the following matters regarding the reasonableness of the rates: *Herring Networks, Inc. v. Maddow*, No. 19-cv-1713, 2021 U.S. Dist. LEXIS 23163, at *5 (S.D. Cal. 2021) (approving rates between $1,150 and $1,050 for partners; $720 for a senior associate with ten years experience; and, $470 for two mid-level associates with three years experience); and, *NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 3:18-cv-347-CAB-MDD, 2020 WL 6876300, at*3 (S.D. Cal. Mar. 20, 2020 (approving rates of $1,050 to $860).

CASE NO.: 3:25-CV-01519-AJB-AHG    8 OF 19  *Hoffman v Fairfield Residential CC Holdings, LLC, et al*

PLAINTIFF KEVIN HOFFMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HOFFMAN'S MOTION FOR ATTORNEYS' FEES AND COSTS

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

### 1. __Time and labor required__

To date, Hoffman's counsel has expended 62.7 hours litigating this matter through resolution. While modest in comparison to fully litigated actions, this time reflects the reasonable and necessary efforts required to investigate Hoffman's claims, draft and file the Complaint, effect service on multiple defendants, engage in written disputes and meet-and-confer efforts, prepare Rule 26 disclosures and the Joint Case Management Statement, and fully prepare for and participate in the Court-ordered Early Neutral Evaluation. Despite Hoffman's repeated pre-suit attempts to resolve the unlawful debt collection and inaccurate credit reporting, Defendants refused to correct their conduct until formal litigation was underway. Defendants' failure to meaningfully address the dispute earlier unnecessarily increased the time and labor required to obtain relief herein. Accordingly, this Kerr factor strongly supports the reasonableness of Hoffman's counsel's requested fee award  *See McGowan*, 661 F.2d at 51.  Thus, this *Kerr* Factor supports Hoffman's counsel's demand.

### 2. __Novelty and difficulty of the questions involved__

The unique history of this case is outlined above in § II, Factual and Procedural History. Hoffman's claims required counsel to navigate the interplay between unlawful debt collection practices and Defendants' obligations as furnishers and consumer reporting agencies under the Fair Credit Reporting Act. Unlike routine state-law disputes, FCRA litigation involves a highly technical statutory framework governing reinvestigation duties, furnisher responsibilities, and standards for reasonableness following notice of dispute. Courts have repeatedly recognized that "the FCRA is a legal specialty." *Soler v. Trans Union,* LLC, No. CV 20-08459-FWS-PLA, 2022 U.S. Dist. LEXIS 240265, at *16 (C.D. Cal. Oct. 18, 2022) (citing *Sponer v. Wells Fargo Bank N.A.*, 2020 WL 2061829, at *6 (D. Or. Apr. 28, 2020), quoting *Kirkpatrick v. Equifax Info. Servs*., LLC, 2005 WL 1231485, at *2 (D. Or.

**PLAINTIFF KEVIN HOFFMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HOFFMAN'S MOTION FOR ATTORNEYS' FEES AND COSTS**

May 23, 2005)). Successfully prosecuting Hoffman's claims required familiarity with the nuanced statutory notice provisions, the ACDV reinvestigation process, and the evidentiary burdens unique to FCRA actions. As such, the issues presented were neither routine nor straightforward, and this Kerr factor weighs strongly in favor of awarding Hoffman's requested fees.

### 3. <u>Skill Requisite to Perform the Legal Service Properly</u>

A positive outcome on Hoffman's behalf can largely be attributed to the efforts and skill of Hoffman's counsel. Throughout this litigation, Defendants declined to meaningfully resolve the matter despite Hoffman's repeated pre-suit disputes and early efforts at informal resolution. It was only after counsel investigated the claims, filed the Complaint, effected service, engaged in Rule 26 obligations, and prepared for and participated in the Court-ordered Early Neutral Evaluation that Defendants agreed to resolve the case through a Rule 68 Offer of Judgment providing monetary relief and preservation of Hoffman's right to recover reasonable attorneys' fees and costs. The favorable resolution obtained reflects the strategic litigation efforts required to compel Defendants' compliance with their statutory obligations. Accordingly, this Kerr factor strongly supports Hoffman's requested fee award.

### 4. <u>Preclusion of Other Employment by the Attorney Due to Acceptance of the Case</u>

Hoffman's counsel has expended a total of 62.7 hours litigating this matter. Common sense dictates that the time spent litigating this matter, was time spent not litigating another matter. [*See* Declarations of Hoffman's Counsel filed concurrently herewith]. As such, this factor weighs in favor of Hoffman's requested fee amount.

### 5. <u>Customary Fee</u>

This *Kerr* Factor is thoroughly discussed above in Hoffman's lodestar analysis. Hoffman's counsel's customary fee sought herein is supported by

Declarations of Counsel; as well as Declarations of other attorneys in the community. Each of these items of support alone would be sufficient to justify the demanded fee which renders the combination all the more convincing. Thus, this *Kerr* Factor supports Hoffman's counsel's demand as well.

### 6. No Guaranteed Payment

Consumer attorneys, unlike defense counsel, only receive compensation in the event that the consumer prevails. There is no dispute that Hoffman prevailed in this matter since he obtained a judgment in the amount of $15,000 [ECF No. 48].

In the context of other consumer protection claims, the Ninth Circuit stated in *Camacho v. Bridgeport Financial, Inc.*, 523 F. 3d 973, 978 (9th Cir. 2008), that "[t]he FDCPA's statutory language makes an award of fees mandatory. The reason for mandatory fees is that Congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." *See also Harper v. Law Office of Harris & Zide LLP*, 2017 U.S. Dist. LEXIS 37367, at *17 (N.D. Cal. Mar. 15, 2017) ("[D]istrict courts must calculate damages using the lodestar method in FDCPA cases because 'for Congress's private attorney general approach to succeed in the context of FDCPA cases, attorney fees must not hinge on a percentage of actual damages awarded.'"). Such is relevant here "[g]iven the statutes similar standards, courts have relied on FDCPA cases to evaluate FCRA fee awards." *See Kelly v. TD Bank USA, N.A.*, 2022 WL 4791981, at 87 (D. Or. Sept. 6, 2022); *DeBusk v. Wachovia Bank*, 291 F. App'x 55, 56 (9th Cir. 2008); and, *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 933 (9th Cir. 2007).

Moreover, the difficulty in private attorneys general actions and similar State-enacted statutes, is that the potential for recovery is not clear at the time the litigation is commenced unlike in personal injury actions.[3] Additionally, the amount in

---

[3] *Bowers v. Transamerica Title Insurance Company*, 675 P.2d 193, 204 (Wash.

CASE NO.: 3:25-CV-01519-AJB-AHG    11 OF 19  *Hoffman v Fairfield Residential CC Holdings, LLC, et al*

**PLAINTIFF KEVIN HOFFMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HOFFMAN'S MOTION FOR ATTORNEYS' FEES AND COSTS**

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

controversy is usually too small to induce an attorney to commence litigation on a percentage contingency. Accordingly, "the purpose of the statutory fee award is to benefit the plaintiff by allowing the consumer to obtain counsel in order to pursue redress for relatively small claims."[4] By providing the private bar with incentive to involve itself in consumer litigation through fee-shifting, the government is relieved of the costs of protecting consumers while insuring that consumers may still avail themselves of their statutory rights. A different result would create a deterrent for the private bar to pursue an action for which Congress has so emphatically dictated the importance. This factor favors an award in the amount requested by Hoffman's counsel.

### 7. <u>Time Limitations Imposed by the Client or the Circumstances</u>

The deadlines in connection with this case regularly imposed time limitations on Hoffman's counsel. [*See* Scheduling Order]. Hoffman's counsel was also required to efficiently litigate this matter in order to obtain a resolution for Hoffman as quickly as possible. Any such delay would have been detrimental to Hoffman and may have caused Hoffman to violate the Scheduling Order. This factor also weighs in favor of Hoffman since the docket and litigation history support adeptness on behalf of Hoffman's counsel.

### 8. <u>The Amount Involved and the Results Obtained</u>

"Out of these factors, the Supreme Court has found that 'the most critical factor is the degree of success obtained.'" *Hernandez v. Erin Capital Mgmt., LLC*, 2011 U.S. Dist. LEXIS 114133, at *4–5 (C.D. Cal. Oct. 3, 2011) (citing Hensley, 461 U.S. at 436). Here, Hoffman obtained a Rule 68 judgment in the amount of

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

---

1983).

[4] *Majcher v. Laurel Motors Co.*, 287 Ill.App.3d 719, 680 N.E.2d 416 (Ill. Ct. App. 1997); see also *Ford Motor Co. v. Mayes*, 575 S.W.2d 480, 488 (Ky. Ct. App. 1978).

PLAINTIFF KEVIN HOFFMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HOFFMAN'S MOTION FOR ATTORNEYS' FEES AND COSTS

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

$15,000.00, plus reasonable attorneys' fees and costs to be determined by the Court. (ECF No. 48.) The resolution provided meaningful monetary relief and vindicated Hoffman's statutory rights under the FDCPA, FCRA, Rosenthal Act, and CCCRAA. Importantly, Defendants agreed to judgment only after formal litigation was initiated and the matter was advanced to Early Neutral Evaluation, demonstrating that counsel's litigation efforts were necessary to secure this outcome. Given the favorable result obtained relative to the early procedural posture of the case, this factor strongly supports awarding the full amount of reasonable fees requested.

### 9.  The Experience, Reputation, and Ability of the Attorneys

The experience, reputation, and ability of the attorneys weighs heavily in favor of Hoffman's petition and Hoffman's counsel all have a significant amount of experience litigating cases in the consumer law context. [*See* Declaration of Counsel]. Furthermore, Hoffman's counsel regularly speak on the national level to both consumers and consumer attorneys regarding the very statutes at issue herein. [*Id*.]. This factor also favors an award in the amount requested by Hoffman's counsel.

### 10. The "Undesirability" of the Case

Consumer law cases would most certainly qualify as "undesirable" absent the fee provision enacted by Congress. District Courts have long recognized the importance of the fee shifting provisions, as well as the public policies behind it. Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by consumers acting as private attorneys general.[5]

---

[5] *Tolentino v. Friedman*, 46 F.3d 645, 651-52 (7th Cir. 1995).  See also *Jerman*, 559

By providing the private bar with incentive to involve itself in consumer litigation through fee-shifting, the government has taken cases arising under the FCRA out of the realm of "undesirability." Failing to award reasonable fees for the prevailing consumer will re-categorize these consumer cases as "undesirable."[6] This sort of "chilling effect" would counter the purpose of the statute, which, when coupled with the provision awarding attorneys' fees "is to encourage consumers to file actions to vindicate their fights."[7] Even with this incentive, Hoffman had trouble finding counsel to represent him in this matter.

**11. The Nature and Length of the Professional Relationship with the Client**

This case commenced on June 12, 2025. (ECF No. 1.) Judgment was entered in Hoffman's favor on January 30, 2026 pursuant to Defendants' Rule 68 Offer of Judgment. (ECF No. 51.) In the interim, Hoffman's counsel investigated the claims, drafted and filed the Complaint, effected service on multiple Defendants, engaged in written disputes and meet-and-confer efforts, prepared Rule 26 disclosures, drafted the Joint Case Management Statement, and fully prepared for and participated in the Court-ordered Early Neutral Evaluation. While the case resolved prior to formal discovery, that resolution was achieved only after the foundational litigation work necessary to advance the matter and compel Defendants' compliance

U.S. at 525 ("[t]he Act is enforced through…private lawsuits."); *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) ("Congress encouraged private enforcement by permitting aggrieved individuals to bring suit as private attorneys general."); and, *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1032 (9th Cir. 2012) ("The reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA.").

[6] "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the ocnsumer's right to privacy." 15 U.S.C. § 1681(a)(4).

[7] *Grove v. Huffman*, 262 Ill. App. 3d 531, 539, 634 N.E. 2d 1184, 1190 (1994).

CASE NO.: 3:25-CV-01519-AJB-AHG    14 OF 19    *Hoffman v Fairfield Residential CC Holdings, LLC, et al*

PLAINTIFF KEVIN HOFFMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HOFFMAN'S MOTION FOR ATTORNEYS' FEES AND COSTS

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

with their statutory obligations. Accordingly, this matter was diligently and efficiently pursued on Hoffman's behalf from inception through judgment, and this factor weighs in favor of awarding Hoffman's counsel the fees sought.

## 12. Awards in Similar Cases

Despite the fact that the amount of reasonable attorneys' fees awarded pursuant to the FCRA is left to the sound discretion of the judge, the Court may find the following awards helpful in making its determination:

- *Soler*, 2022 U.S. Dist. LEXIS 240265, at *16, an FCRA matter awarding $331,860.50 in attorneys' fees following acceptance of an Offer of Judgment for $101,000.

- *Goodwin v. Comerica Bank, N.A.*, 72 Cal. App. 5th 858, 865, 287 Cal. Rptr. 3d 672, 676 (2021) (Order re $133,000 in damages plus over $900,000 in attorneys' fees and costs for matter filed pursuant to FCRA and other consumer protection statutes.

- *Ramones v. AR Res., Inc.*, No. 19-62949-CIV, 2022 U.S. Dist. LEXIS 82810, at *1-2 (S.D. Fla. May 6, 2022) (Order awarding recovery of $206,424.05 for attorneys' fees and $5,967.17 in costs following judgment).

- *Kim v. BMW Fin. Servs. NA, LLC*, No. CV 14-01752-BRO (JCx), 2015 U.S. Dist. LEXIS 186918, at *31 (C.D. Cal. Nov. 12, 2015) (Order awarding $280.934.90 in attorneys' fees following judgment).

- *Sponer v. Wells Fargo Bank N.A.*, No. 3:17-cv-02035-HZ, 2020 U.S. Dist. LEXIS 75307, at *31 (D. Or. Apr. 28, 2020) (Order awarding recovery of $398,576.25 in attorneys fees following judgment).

- *Lardizabal v. Am. Express Nat'l Bank*, 2023 U.S. Dist. LEXIS 212499, at *28 (S.D. Cal. Nov. 29, 2023) (FCRA/CCCRAA matter

**PLAINTIFF KEVIN HOFFMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HOFFMAN'S MOTION FOR ATTORNEYS' FEES AND COSTS**

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

awarding $82,650.15 in attorneys' fees and $11,829.33 in costs with Loker at $650 per hour for $40,000 Offer of Judgment).

- *Raider v. JPMorgan Chase Bank, N.A.*, JAMS Ref. No. 5240000571 (September 25, 2024) (California Elder Abuse matter awarding $351,145 in attorneys' fees and costs with Loker at $650 per hour for $1,550,723 Arbitration Award).

- *Solonin v. Citibank, N.A.*, AAA Case No. 01-23-0005-7050 (April 14, 2025) (FCRA/CCCRAA matter awarding $200,000 in attorneys' fees and $9,793.35 in costs with Loker at $700 per hour for award of $395,500).

- *Rodriguez v. Adir Int'l, LLC*, No. 5:23-cv-02423-AH-(JCx), 2025 U.S. Dist. LEXIS 121954, at *10 (C.D. Cal. June 26, 2025) (FCRA/CCCRAA matter awarding $211,819.05 in attorneys' fees and $13,557.77 in litigation costs with Loker at $750 per hour following verdict of $60,000).

As is clearly demonstrated above, Hoffman's recovery is not limited by the amount of damages he recovered, which weighs in favor of Hoffman's petition.

## C. HOFFMAN'S COUNSEL ARE ENTITLED TO AN AWARD OF COSTS AND LITIGATION EXPENSES.

Hoffman requests an award of costs and litigation expenses in addition to an award of attorneys' fees, pursuant to the Rule 68 Offer of Judgement and the FCRA. Long-distance telephone and fax expenses, as well as copying and postage have been awarded as costs. *Sousa v. Miguel*, 32 F.3d 1370, 1374 (9th Cir. 1994). Recoverable costs also include travel, photocopies, lodging, postage, telephone calls, and computerize research. *Libertad v. Sanchez*, 134 F. Supp. 2d 218, 236 (D.P.R. 2001). Cost may be recovered as provided for by statutes as well as 28 U.S.C. 1920. See *Lathem v. Department of Children & Youth Servs.*, 172 F.3d 786,

CASE NO.: 3:25-CV-01519-AJB-AHG    16 OF 19    *Hoffman v Fairfield Residential CC Holdings, LLC, et al*

PLAINTIFF KEVIN HOFFMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HOFFMAN'S MOTION FOR ATTORNEYS' FEES AND COSTS

794 (11th Cir. 1999). "In fact, the Ninth Circuit…allows parties to receive non-taxable costs." *Afewerki v. Anaya Law Grp.*, No. 2:14-cv-07132-RGK-JPR, 2017 U.S. Dist. LEXIS 191881, at \*15 (C.D. Cal. Nov. 20, 2017) citing *Giovannoni v. Bidna & Keys*, 255 Fed. App'x 124, 125 (9th Cir. 2007); and, *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010).

Here, Hoffman seeks reimbursement of costs totaling $660. [*See* Hoffman's Bill of Costs and costs invoices filed concurrently herewith]. Hoffman's litigation expenses and costs are commensurate with those expenses and are compensable as reasonable out of pocket expenses. *See Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 529 (5th Cir. 2001).

### D. Hoffman Is Entitled to Recover Attorneys' Fees Incurred in Preparing This Fee Petition

Defendants' Rule 68 Offer of Judgment did not clearly or unambiguously limit Hoffman's right to recover attorneys' fees. To the contrary, the Offer expressly preserved Hoffman's ability to recover "reasonable attorneys' fees incurred … to be determined by the Court." (ECF No. 48.) As the Ninth Circuit has made clear, **"any waiver or limitation of attorney fees in settlements must be clear and unambiguous."** *Holland v. Roeser*, 37 F.3d 501, 503–504, 1994 U.S. App. LEXIS 27588, \*7, 29 Fed. R. Serv. 3d (Callaghan) 1172 (citing *Muckleshoot Tribe v. Puget Sound Power & Light Co.*, 875 F.2d 695, 698 (9th Cir. 1989)). The Ninth Circuit explained that where an offer contains additional language beyond Rule 68's default cost provision — including language providing for "costs now accrued and reasonable attorney fees as determined by the court" — such language is ambiguous and "might extend to those fees not already accrued." *Holland*, 37 F.3d at 504, 1994 U.S. App. LEXIS 27588, \*9.

The court further held that Rule 68 offers are governed by ordinary principles of contract interpretation and that ambiguities must be construed against the drafter.

CASE NO.: 3:25-CV-01519-AJB-AHG    17 OF 19  *Hoffman v Fairfield Residential CC Holdings, LLC, et al*

PLAINTIFF KEVIN HOFFMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HOFFMAN'S MOTION FOR ATTORNEYS' FEES AND COSTS

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

Id. (citing *Herrington v. County of Sonoma*, 12 F.3d 901, 907 (9th Cir. 1993)). Accordingly, where as here Defendants drafted an Offer of Judgment expressly preserving reasonable attorneys' fees to be determined by the Court, any purported limitation on post-offer fees is neither clear nor unambiguous and must be construed in Hoffman's favor.

Because Defendants' Offer contains the same fee-preserving language analyzed in *Holland*, Hoffman is entitled to recover reasonable attorneys' fees incurred after acceptance of the Offer, including fees incurred in preparing this fee petition .

### E. <u>CONCLUSION</u>

An award of reasonable attorneys' fees and costs is mandated in this action as Hoffman is the prevailing party under the FCRA and CCCRAA. The time billed reflects the time required to successfully prosecute this Action and the hourly rates sought by counsel are a reasonable market rate. Thus, Hoffman requests that Hoffman's counsel be awarded attorneys' fees in the amount of $30,205.00 and costs of $559.70 for a total of $30,764.70.

Dated: February 13, 2026                              Respectfully submitted,


                                                        **LOKER LAW, APC**


                                        By:    ___/s/ Matthew M. Loker___
                                                MATTHEW M. LOKER, ESQ.
                                                ATTORNEY FOR PLAINTIFF

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## CERTIFICATE OF SERVICE

A copy of the foregoing *Plaintiff's Motion for Attorneys' Fees and Costs* has been filed on February 13, 2026 through the Court's electronic filing system. All parties may access the foregoing via the Court's electronic filing system.

___/s/ Matthew M. Loker____

MATTHEW M LOKER, ESQ.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.: 3:25-CV-01519-AJB-AHG    19 OF 19  *Hoffman v Fairfield Residential CC Holdings, LLC, et al*

PLAINTIFF KEVIN HOFFMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HOFFMAN'S MOTION FOR ATTORNEYS' FEES AND COSTS